IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GARDEN CITY BOXING CLUB, INC., <br> as Broadcast Licensee of the <br> September 14, 2002, De La Hoya/Vargas Event, <br><br> Plaintiff, <br><br> v. <br><br> 1) JOANN CRISTINA ZEPEDA, Individually <br> and d/b/a LOS INDIOS SPORTS BAR a/k/a <br> LOS INDIOS BAR; and <br> 2) EDUARDO ZEPEDA, JR., Individually and <br> d/b/a LOS INDIOS SPORTS BAR a/k/a LOS <br> INDIOS BAR, <br><br> Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. B-04-145 |

## FINAL DEFAULT JUDGMENT

Before the Court is *Plaintiff's Motion for Final Default Judgment and Brief in Support* filed by Plaintiff Garden City Boxing Club, Inc. ("Plaintiff"). Upon consideration of the Motion, the accompanying brief and evidence, the pleadings on file and the relevant authorities, the Court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605 and recognizes Plaintiff's election to seek statutory damages. The Court also concludes that it has jurisdiction over the subject matter and parties to this action; that Defendants 1) Joann Cristina Zepeda, individually and d/b/a Los Indios Sports Bar a/k/a Los Indios Bar; and 2) Eduardo Zepeda, Jr., individually and d/b/a Los Indios Sports Bar a/k/a Los Indios Bar (collectively "Defendants") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; that the allegations in *Plaintiff's Original Complaint* are deemed admitted against Defendants; that Defendants exhibited the closed circuit, September 14, 2002 Championship boxing match between Oscar De

La Hoya and Fernando Vargas, including undercard or preliminary bouts without authorization from Plaintiff; and that Defendants' actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That Judgment by default be entered in favor of Plaintiff and against Defendants.

2. That Plaintiff recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $10,000.00.

3. That Plaintiff recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $50,000.00.

4. That Plaintiff recover attorneys' fees from Defendants, jointly and severally, in the amount of $20,000.00 for prosecution of this case through this Judgment.

5. That Plaintiff recover the following conditional awards of attorney's fees from Defendants, jointly and severally, in the following circumstances:

   a. Ten Thousand Dollars ($10,000.00) in the event a Defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the Judgment obtained in this action;

   b. Fifteen Thousand Dollars ($15,000.00) in the event a Defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the Judgment obtained in this action;

   c. Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the Judgment obtained in this action;

   d. Ten Thousand Dollars ($10,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the Judgment obtained in this action; and

      e.      One Thousand Dollars ($1,000.00) for collection of the Judgment rendered in this case, should Plaintiff obtain a writ of execution, writ of garnishment, writ of attachment or other process.

6.      The Court also enjoins Defendants from ever intercepting or exhibiting an unauthorized program in violation of the Federal Communications Act.

7.      The Court also awards Plaintiff court costs and post-judgment interest on the amounts awarded herein at an annual rate of five percent (5%) from the date of this Judgment until paid.

8.      All writs and process for the enforcement and collection of this judgment may issue as necessary. In connection with any Writ of Execution in this case, the Court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this Judgment.

9.      The Court intends to render a final judgment in this cause. Therefore, this judgment is now a final, appealable judgment.

SO ORDERED.

Signed this ____ day of _____, 2004 at Brownsville, Texas.

_____
HILDA G. TAGLE
UNITED STATES DISTRICT JUDGE